UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN AVILA GUTIERREZ, | No. 2:23-cv-0646 AC P |
| Petitioner, | |
| v. | ORDER |
| WARDEN F.C.I. HERLONG, | |
| Respondent. | |

Petitioner, a federal prisoner, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

I. Application to Proceed In Forma Pauperis

Examination of the application reveals petitioner is unable to afford the costs of this action. ECF No. 5. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

II. Background

Petitioner is an inmate currently housed at the Federal Correctional Institution-Herlong (FCI-Herlong) with a projected release date of April 6, 2026. ECF No. 1 at 2. The petition does not identify the court where petitioner was convicted and sentenced or the offense for which he is currently incarcerated.

////

III.     Petition

The petition requests that the court order the Bureau of Prisons (BOP) to apply petitioner's earned credits and re-calculate his release date to reflect those credits. Id. at 3.

IV.     Discussion

Petitioner asserts, in what appears to be a form petition, that he has accrued earned time credits under the First Step Act of 2018 (FSA) in an amount "TBD" and that the attached exhibits show that he has earned credits and is eligible to have them applied. ECF No. 1 at 2-3. However, an attached exhibit reflects that petitioner has not accrued any FSA time credits and is ineligible under the FSA, though it does not identify why petitioner is ineligible. Id. at 4. Petitioner also asserts that he is not subject to a final order of deportation and the BOP has removed the language from its program statement barring inmates with possible deportation issues, detainers, warrants, or pending charges from eligibility under the FSA but that inmate sentence adjustments are not being made in a uniform manner. Id. at 2. The attachments to the petition indicate that petitioner has no detainers. Id. at 6.

As currently pled, the petition fails to sufficiently specify the grounds for relief upon which petitioner relies. See Rule 2(c)(1)-(2), 28 U.S.C. foll. § 2254[1] (petition shall "specify all the grounds for relief available to the petitioner" and the supporting facts). To the extent petitioner is seeking an order directing the BOP to apply FSA time credits it has determined he has already earned, the attachments to the petition show that petitioner does not have any such credits and is ineligible to accrue them. To the extent petitioner is challenging the determination that he is ineligible to earn FSA time credits, he does not identify the grounds on which he was found to be ineligible or explain why they are improper. Though petitioner references a policy change related to unresolved immigration status, his records indicate that he has no detainers and that he is ineligible to earn FSA time credits. Because the policy petitioner appears to be referencing dealt with the ability of prisoners to apply, rather than earn, FSA time credits,[2] it does

---

[1] The (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Rule 1(b), 28 U.S.C. foll. § 2254.
[2] At one point, BOP policy provided that inmates with unresolved pending charges or detainers, (continued)

2

not appear that petitioner is being denied the ability to apply earned FSA credits due to an unresolved immigration issue, as he implies. It is therefore unclear on what ground petitioner is challenging his FSA time credit eligibility and it appears that this lack of clarity is due to petitioner's use of a form petition that may not accurately portray his circumstances. Petitioner will therefore be provided an opportunity to file an amended petition that clarifies the grounds on which he is seeking relief and sets out sufficient supporting facts.

The court further notes that the original petition was not signed under penalty of perjury, as required by the habeas rules. See Rule 2(c)(15), 28 U.S.C. foll. § 2254. Petitioner is advised that use of the form provided by the court will ensure the amended petition meets this requirement so long as petitioner signs and dates the form where indicated.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 5) is GRANTED;

2. The petition fails to state a claim upon which relief may be granted and will not be served;

3. Within thirty days of the service of this order, petitioner may file an amended petition which must bear the case number assigned to this action and the title "Amended Petition";

4. Failure to file an amended petition will result in a recommendation that this action be dismissed; and

5. The Clerk of the Court is directed to send petitioner the court's form petition for writ of habeas corpus under 28 U.S.C. § 2241.

DATED: May 23, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

including unresolved immigration status could earn but not apply FSA time credits. See Fed. Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) at 13, 16 (Nov. 18, 2022), https://www.bop.gov/policy/progstat/5410_01.pdf. The policy was later changed to allow those inmates to apply any earned credits if they were otherwise eligible. See Fed. Bureau of Prisons, Change Notice No. 5410.01 CN-1, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) at 2, 17, 20 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410_01_cn.pdf.